IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

    Plaintiff,                      No. CIV S-07-0512 FCD GGH P

   vs.

WARDEN MCDONALD, et al.,

    Defendants.           ORDER

_____/

        On April 26, 2007, plaintiff filed a document requesting the recusal of the undersigned, apparently primarily on the basis that an insufficiently identified case in 2006 he filed had not been promptly addressed. The court cannot locate any case filed in 2006 by the plaintiff assigned to the undersigned that remains open.

        A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice against a party, 28 U.S.C. § 455(b)(1). Remarks made during the course of a judicial proceeding that are critical or hostile to a party or his case ordinarily will not support a bias or partiality claim unless they reveal an extrajudicial source for the opinion, or "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157 (1994.) The decision regarding disqualification is made by the judge whose

1

impartiality is at issue.  <u>Bernard v. Coyne</u>, 31 F.3d 842, 843 (9th Cir. 1994).

Where the source of alleged bias or prejudice is a judicial proceeding, plaintiff must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment."  <u>Id.</u> at 488.  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  <u>Id</u>. at 491.  Bias is not found where the judge has expressed anger or dissatisfaction or annoyance that are within the bounds of reasonable behavior.  <u>Id</u>.

This court's actions in this case do not support disqualification.  The actions taken were an appropriate response to filings.  The court's rulings do not reflect an extreme disposition or deep-seated antagonism.  They do not reflect animosity, partiality, or inability to render a fair judgment in the instant action.  They do not indicate bias, personal or otherwise, or prejudice, personal or otherwise.

Accordingly, IT IS ORDERED that plaintiff's April 26, 2007 (#7), request for recusal is denied.

DATED: 04/01/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
lars0512.dny